IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY D. EASTERLING**                                                                  **PLAINTIFF**

v.                                                         CAUSE NO. 1:15CV238-LG-RHW

**VT HALTER MARINE, INC. and**
**OCCUPATIONAL HEALTH CENTER**                                          **DEFENDANTS**

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT OCCUPATIONAL HEALTH CENTER

BEFORE THE COURT is the [30] Motion for Summary Judgment filed by Defendant Occupational Health Center ("OHC"). Plaintiff Gary D. Easterling, who is proceeding *pro se*, did not respond to the Motion, and the time for doing so has expired.[1] Having considered the Motion and the relevant law, the Court is of the opinion that there are no genuine issues of material fact with respect to each of Easterling's claims against OHC. Essentially, Easterling has failed to provide any summary judgment evidence on an essential element of his claims, causation. However, the Court declines OHC's request to tax costs against Easterling.

### BACKGROUND

According to his Complaint, Plaintiff Gary Easterling was formerly employed as a welder by Defendant VT Halter Marine, Inc. Easterling claims that in July 2014, VT Halter Marine sent him to OHC for a "Call to Duty" exam. OHC

---

[1] "The notice provided by the Rules of Civil Procedure and the local rules concerning the time for filing a response is sufficient for a *pro se* litigant." *Hawkins v. United States*, 54 F. App'x 406, *1 (5th Cir. 2002); *see also Ray v. Edgar*, 115 F. App'x 293, 293-94 (5th Cir. 2004).

performed a drug test, which allegedly showed traces of marijuana. Easterling contends that VT Halter Marine terminated him as a result of the test, even though the results were false.

In his Complaint, Easterling alleges that his termination by VT Halter Marine violated the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Genetic Information Nondiscrimination Act, and the Family and Medical Leave Act. His Complaint also includes claims against OHC pursuant to Mississippi state law for negligence, tortious interference, and fraudulent misrepresentation based on the false drug test.

OHC has moved for summary judgment on the claims against it. In support, it has submitted an affidavit from VT Halter Marine's corporate Director of Human Resources, Lisa Fallon. Fallon asserts that on July 17, 2014, after receiving the positive drug test from OHC, she "made the decision to terminate Mr. Easterling's employment for violation of VT Halter Marine's Drug and Alcohol Program." (*See* Fallon Aff. 2 (¶4), ECF No. 31-1). She further asserts, though, that on July 21, 2014, she was informed that "Mr. Easterling's reported positive drug test result had been due to a clerical error and his test was in fact 'negative.'" (*See id.* (¶5)).

As a result of the correction, Fallon states that she "immediately made the decision to rescind Mr. Easterling's termination" and notified him "that he was *not* terminated and VT Halter Marine would pay him for the three days that he" had been terminated. (*See id.* at 2-3 (¶6)). Fallon states that Easterling "was paid for the three days" and that his termination later on September 10, 2014 was "for a

2

reason completely unrelated [to] his drug test on July 8, 2014." (*See id.* at 3 (¶7)). She confirms that "[t]he initial *erroneous* report of a positive drug test and the ensuing report that [the] drug test was, in fact, *negative*, played no part in any decision affecting [Easterling]'s employment after the initial decision to terminate his employment was rescinded." (*See id.*).

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). Even so, summary judgment is appropriate if the non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Easterling has not submitted any argument or evidence in opposition to OHC's Motion. Nevertheless, OHC bears the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But the Court will not, in the absence of proof, assume that Easterling could or would prove the necessary facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

3

Cir. 1994); *see also Abarca*, 404 F.3d at 940 (a plaintiff may not rest upon mere allegations in his Complaint but must set forth specific facts showing the existence of a genuine issue for trial). "Although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenut Corr. Corp.*, 202 F.3d 265, *2 (5th Cir. 1999) (citations omitted); *see also Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 413 (5th Cir. 2006).

**Negligence**

Negligence requires proof of "(a) duty or standard of care, (b) breach of that duty or standard, (c) proximate causation, and (d) damages or injury." *See Arnona v. Smith*, 749 So. 2d 63, 66 (Miss. 1999). There is no Mississippi law discussing a laboratory's duty with respect to drug tests performed on employees. The Court need not make an *Erie* guess on the duty issue, however, because OHC has established a lack of genuine issue of material fact on the causation element of Easterling's negligence claim. Fallon's Affidavit conclusively shows that OHC's false test – which OHC corrected less than a week after conveying the incorrect results – was not the cause of Easterling's ultimate termination and that Easterling did not lose any pay as a result of his three-day termination. *See, e.g., Bailey v. Wheatley Estates Corp.*, 829 So. 2d 1278, 1283 (Miss. Ct. App. 2002) ("If there is no showing of causation or damages in a negligence action, the trial judge should grant a motion for summary judgment.").

4

**Tortious Interference**

To show tortious interference with employment, a plaintiff must establish, *inter alia*, that the alleged interference was "done with the unlawful purpose of causing damage and loss" and "that actual damage and loss resulted." *See McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 976 (Miss. 2001). Easterling's tortious interference claim fails for the same reason as his negligence claim, *i.e.*, there is no genuine issue of material fact on the issue of causation.[2] *See, e.g.*, *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So. 2d 1093, 1099 (Miss. 2005) (discussing causation element of tortious interference under Mississippi law); *Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999).

**Fraudulent Misrepresentation**

The elements of intentional or fraudulent misrepresentation are:

> '(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on the truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.'

*Miss. Real Estate Comm'n v. McCaughan*, 900 So. 2d 1169, 1186 (Miss. Ct. App. 2004) (citation omitted). The Court agrees with OHC that there are no genuine issues of material fact with respect to OHC's knowledge of the falsity of the test

---

[2] The Court also doubts that Easterling could show the willfulness element of a tortious interference claim under Mississippi law, but OHC did not raise this issue in its Motion.

results or ignorance of its truth; as soon as OHC learned of the mistake in the test results, it promptly corrected it.  *See, e.g.*, *Mando v. C.A.L. Realty Grp., Inc.*, No. 1:06cv698LGRH, 2007 WL 1725414, at *4 (S.D. Miss. June 11, 2007).  The Court further finds that summary judgment is appropriate because, again, causation (element nine (9)) is missing.  *See, e.g.*, *Smith v. Bank of Am., N.A.*, No. 2:11cv120-MPM-JMV, 2012 WL 4320845, at *3 (N.D. Miss. Sept. 20, 2012).  Accordingly, the Court need not discuss OHC's additional arguments for dismissal of this claim.

**OHC's Request for Taxation of Costs**

OHC also requests that "costs be taxed" against Easterling.  (*See* Mot. 1, ECF No. 30).  The Court cannot conceive that OHC has incurred any costs of substance at this early stage of the proceeding,[3] and declines to tax costs against Easterling for that reason.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [30] Motion for Summary Judgment filed by Defendant Occupational Health Center is **GRANTED**.  The Clerk is **ORDERED** to terminate Occupational Health Center as a Defendant.  OHC's request for taxation of costs is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[3] Attorney's fees are not included in the standard costs recoverable.